IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–53–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| KEEGAN ALLAN STRELNIK, | |
| Defendant. | |

Before the Court is Defendant Keegan Allan Strelnik's Motion to Dismiss Indictment. (Doc. 14.) The Government opposes. (*Id.* at 1.) For the reasons herein, the Motion is DENIED.

## BACKGROUND

In 2019, Strelnik was convicted in this Court of possession with intent to distribute methamphetamine—a felony—in violation of 21 U.S.C. § 841(a)(1). *United States v. Keegan Allan Strelnik*, 2019 U.S. Dist. LEXIS 107987 (D. Mont. June 27, 2019). The Court sentenced Strelnik to 41 months imprisonment to be followed by four years of supervised release. (Doc. 16 at 2.)

On September 19, 2024, Strelnik was indicted in this case for being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) The Indictment alleges that "on or about November 24, 2024, . . . the

1

defendant, . . . knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate commerce, a firearm and ammunition." (*Id.* at 2.) On November 8, 2024, Strelnik filed the present Motion. (Doc. 14.) The Motion is now ripe for ruling.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A pretrial motion is proper when "it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The Court concludes that Strelnik's Motion to Dismiss involves questions of law that may be resolved before trial.

## ANALYSIS

Strelnik argues that § 922(g)(1) violates the Second Amendment as applied to him, "an American citizen and a non-violent offender who has served his time in prison and reentered society." (Doc. 15 at 2.) Strelnik contends that the United States Supreme Court's holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) abrogated the Ninth Circuit's pre-*Bruen* decision in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), where the Ninth Circuit held that § 922(g)(1) was constitutional. (*Id.* at 10.) To support this contention,

Strelnik cites to the Ninth Circuit's now-vacated decision in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. 2024). (*Id.* at 9.)

In response, the United States highlights that every Article III judge in this district—including this Court—has rejected Strelnik's argument that *Vongxay* is incongruent with *Bruen*. (Doc. 16 at 3.) The Court agrees with the United States.

As a threshold matter, the Court must briefly address the Second Amendment's jurisprudence status in the Ninth Circuit regarding § 922(g)(1). In May 2024, a Ninth Circuit three judge panel found that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to the nonviolent felon defendant in that case. *Duarte*, 101 F.4th 657 (9th Cir. 2024). At that time, *Duarte* was the most recent decision related to the constitutionality of § 922(g)(1) in the Ninth Circuit. In July 2024, the Ninth Circuit granted rehearing *en banc* in *Duarte* and vacated the panel's decision. 101 F.4th 657, *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. 2024). This Court recognizes that "a decision that has been vacated has no precedential authority whatsoever." *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009) (internal citation omitted). As such, the Court declines to consider the *Duarte* holding in the present analysis.

In *Vongxay*, the Ninth Circuit—bound by its decision in *United States v. Younger*, 398 F.3d 1179 (9th Cir. 2005)— held that "§ 922(g)(1) does not violate

the Second Amendment as it applies to . . . a convicted felon." 594 F.3d at 1116. The court explained that nothing in the United States Supreme Court's holding in *District of Colombia v. Heller*, 554 U.S. 570 (2008) "can be read legitimately to cast doubt on the constitutionality of § 922(g)(1)." 954 F.3d at 1114.

Subsequently, in *Bruen*, the United States Supreme Court held that the Second Amendment protects an individual's right to carry a handgun for self-defense outside the home. 597 U.S. at 10. The Court further held that when assessing the constitutionality of a firearm regulation, a court must apply "[t]he test we set forth in *Heller*" and "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 26. In a concurring opinion, Justice Kavanaugh, joined by Chief Justice Roberts, joined the Court's opinion in full but "underscore[d]" that "the Second Amendment allows a 'variety' of gun regulations," and nothing in the Court's opinion "'should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[.]'" *Id.* at 80 (quoting *Heller*, 554 U.S at 626). Notably, in *Bruen*, the Supreme Court characterized the Second Amendment right as belonging to *law-abiding citizens*, a category of citizens to which Strelnik does not belong.

More recently, in *United States v. Rahimi*, the Supreme Court reiterated that many prohibitions on firearms, "like those on the possession of firearms by 'felons

4

and the mentally ill,' are 'presumptively lawful.'" 144 S. Ct. 1889, 1891 (2024) (quoting *Heller*, 554 U.S. at 626–27).

Relying on this direction from the United States Supreme Court, the Court is confident that *Bruen* did not abrogate pre-*Bruen* precedent on the constitutionality of § 922(g)(1), and this Court is therefore bound by the Ninth Circuit's holding in *Vongxay*. Because Strelnik has been convicted of a felony, he is properly prohibited from possessing a firearm under § 922(g)(1) and *Vongxay*.

Accordingly, IT IS ORDERED that Strelnik's Motion to Dismiss Indictment (Doc. 14) is DENIED.

DATED this 26th day of November, 2024.

_____
Dana L. Christensen, District Judge
United States District Court